IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Brian Bookout and Kaitlin Bookout,

          Plaintiffs,

v.

Global Trust Management LLC,

          Defendant.

Civil Action No.: _____

**DEMAND FOR JURY TRIAL**

## **COMPLAINT & JURY DEMAND**

For this Complaint, the Plaintiffs, Brian Bookout and Kaitlin Bookout, by undersigned counsel, state as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), Michigan Collection Practices Act, M.C.L. § 445.251, *et seq*. ("MCPA"), Michigan Occupational Code, M.C.L. § 339.901, et seq. ("MOC"), and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Brian Bookout (hereafter "Brian"), and Kaitlin Bookout (hereafter "Kaitlin," and together with Brian, the "Plaintiffs"), are each an adult individual residing in Pontiac, Michigan, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Global Trust Management LLC ("Global"), is a Florida business entity with an address of 5840 West Cypress Street, Tampa, Florida 33607, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Global at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Alleged Debt

7. Kaitlin allegedly incurred a financial obligation in the approximate amount of $500.00 (the "Debt") to Kay Jewelers (the "Creditor").

8. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The alleged Debt was purchased, assigned or transferred to Global for collection, or Global was employed by the Creditor to collect the alleged Debt.

10. The Defendant attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Global Engages in Harassment and Abusive Tactics

11. Within the last year, the Defendant contacted Plaintiffs in an attempt to collect the alleged Debt.

12. Around June 2012, Defendant placed an initial call to Brian's cellular telephone.

13. Kaitlin picked up Defendant's call and informed Defendant that the Debt was previously paid in full.

14. Nevertheless, Defendants insisted the Debt was outstanding and used a loud and aggressive tone with Kaitlin in an effort to intimidate her into paying the alleged Debt.

15. In an effort to coerce Plaintiffs into paying the Debt, for the following two months Defendant placed several calls every day to Brian's cellular telephone.

16. Furthermore, Defendant disclosed details of the alleged Debt to Brian, who was in no way responsible for the alleged Debt.

17. In order to get Defendant to cease calls to his cellular number, he gave Defendant Plaintiffs' home telephone number.

18. Shortly thereafter, on or about August 2, 2012, Defendant placed a call to Plaintiffs' home number and spoke to Kaitlin.

19. Once again, Kaitlin advised Defendant that the alleged Debt was previously paid in full, following which Defendant hung up on Kaitlin.

20. Approximately fifteen minutes later, Defendant placed another call to Plaintiffs' home telephone and spoke with Kaitlin again.

21. Defendant stated to Kaitlin that if Kaitlin did not want to pay the Debt then Defendant would file papers against her Chevy truck.

22. Moreover, Defendants failed to send Kaitlin any written correspondence informing her of her rights under Federal law, including her right to dispute the alleged Debt with Defendant.

### C. Plaintiffs Suffered Actual Damages

23. The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

24. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

26. The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of the Plaintiffs' debt and stated that the Plaintiffs owed a debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiffs with seizure of their property if the Debt was not paid.

30. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

31. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

32. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiffs an initial letter within five days of its initial contact with Plaintiffs as required by law.

33. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT, M.C.L. § 445.251, et seq.

35. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Plaintiffs are each a "consumer" and "debtor" as the term is defined by M.C.L. § 445.251(d).

37. The Defendant is a "collection agency" as the term is defined by M.C.L. § 445.251(b).

38. The Plaintiffs incurred a debt as a term is defined by M.C.L. § 445.251(a).

39. The Defendant's conduct violated M.C.L. § 445.252(a) in that Defendant communicated with Plaintiffs in a misleading or deceptive manner.

40. The Defendant's conduct violated M.C.L. § 445.252(e) in that Defendant made an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a

debt or concealed or not revealed the purpose of a communication when that was made in connection with collecting a debt.

41. The Defendant's conduct violated M.C.L. § 445.252(n) in that Defendant used a harassing, oppressive, or abusive method to collect a debt.

42. The Defendant's conduct violated M.C.L. § 445.252(n) in that Defendant caused a telephone to ring or engaged Plaintiffs in telephone conversation repeatedly, continuously, or at unusual times or places which were known to be inconvenient to the Plaintiffs.

43. The Defendant's conduct violated M.C.L. § 445.252(q) in that Defendant failed to implement a procedure designed to prevent a violation by an employee.

44. The foregoing willful acts and omissions of the Defendant constitute numerous and multiple violations of the MCPA, including every one of the above-cited provisions.

45. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT III

## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE, M.C.L. § 339.901, et seq.

46. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendant is a "collection agency" as the term is defined in M.C.L. § 339.901(b).

48. Plaintiffs are each a "consumer" and "debtor" as the terms is defined in M.C.L. § 339.901(f).

49. The Defendant's conduct violated M.C.L. § 339.915(a) in that Defendant communicated with Plaintiffs in a misleading or deceptive manner.

50. The Defendant's conduct violated M.C.L. § 339.915(e) in that Defendant made an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealed or not revealed the purpose of a communication when that was made in connection with collecting a debt.

51. The Defendant's conduct violated M.C.L. § 339.915(n) in that Defendant used a harassing, oppressive, or abusive method to collect a debt.

52. The Defendant's conduct violated M.C.L. § 339.915(n) in that Defendant caused a telephone to ring or engaged Plaintiffs in telephone conversation repeatedly, continuously, or at unusual times or places which were known to be inconvenient to the Plaintiffs.

53. The Defendant's conduct violated M.C.L. § 339.915(q) in that Defendant failed to implement a procedure designed to prevent a violation by an employee.

54. The foregoing willful acts and omissions of the Defendant constitute numerous and multiple violations of the MOC, including every one of the above-cited provisions.

55. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT IV

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

56. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

58. Michigan further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated Michigan state law.

59. The Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with constant calls.

60. The telephone calls made by Defendant to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

61. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

62. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

63. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT V

## INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS

64. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

65. The acts, practices and conduct engaged in by the Defendant vis-à-vis the Plaintiffs were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

66. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

67. All acts of Defendant and the collectors complained of herein were committed with malice, intent, wantonness, recklessness, and negligence, and as such, Defendant is subject to imposition of punitive damages.

68. Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiffs.

69. Plaintiffs did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

70. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of Michigan.

## COUNT VI

### PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS

71. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The acts, practices and conduct engaged in by the Defendant and complained of herein constitutes a public disclosure of embarrassing private facts about the Plaintiff Kaitlin Bookout under the Common Law of the State of Michigan.

73. The facts disclosed to the public have been private and their public disclosure is offensive and objectionable to a reasonable person.

74. The Plaintiffs have suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things,

humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant.

75. All acts of Defendant and the collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), M.C.L. § 445.257(2), and M.C.L. § 339.916(2) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), and statutory damages pursuant to M.C.L. § 445.257(2) and M.C.L. § 339.916(2) against Defendant;

3. Treble damages pursuant to M.C.L. § 445.257(2) and M.C.L. § 339.916(2) against Defendant;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), M.C.L. § 445.257(2), and M.C.L. § 339.916(2) against Defendant;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

6. Punitive damages against Defendant; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 10, 2012

                                          Respectfully submitted,

                                          By: /s/ Sergei Lemberg, Esq.
                                          Attorney for Plaintiffs Brian and Kaitlin Bookout
                                          LEMBERG & ASSOCIATES L.L.C.
                                          1100 Summer Street
                                          Stamford, CT 06905
                                          Telephone: (203) 653-2250
                                          Facsimile:   (888) 953-6237
                                          Email: slemberg@lemberglaw.com